IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 1 - 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-01310-ZLW

EDWIN MARK ACKERMAN,

      Plaintiff,

v.

THE STATE OF COLORADO,
GOVONOR [sic] BILL OWENS,
ATTORNEY GENERAL KEN SALAZAR,
COLORADO DEPARTMENT OF CORRECTIONS,
C.D.O.C. DIRECTOR JOE ORTIZ,
CORRECTIONS CORPORATIONS OF AMERICA,
C.C.A. DIRECTOR MR. KAISER,
BENT COUNTY CORR. FACILITY WARDEN JIM KEITH,
STEVEN BROWN JR., Asst. Warden,
KELLY CLODFELTER, Chief [sic] of Security,
STEVEN BROWN SR., Investigator,
LT. KING, Hearings Officer,
LT. BEWLEY, Hearings Officer,
CAPT. CHAVEZ, Shift Supervisor,
SGT. SALIZAR, Morning Sergeant,
ARKANSAS VALLEY CORR. FACILITY WARDEN CARL ZENON,
ASST. WARDEN STEVEN HARTLEY,
CASE MANAGER LT. MOLLY MARTINEZ,
LT. STIENBECK, Hearings Officer,
LT. JAMES SALIZAR, Housung [sic] Officer, and
SGT. RICK RIVAS, Housing Sergeant,

      Defendants.

---

ORDER DENYING MOTION TO RECONSIDER

---

This matter is before the Court on the "Motion to Continue to Prosecute" filed by

Plaintiff Edwin Mark Ackerman on November 7, 2005. Mr. Ackerman is a prisoner in

the custody of the Colorado Department of Corrections and currently is incarcerated at the Bent County Correctional Facility in Las Animas, Colorado.

On August 15, 2005, Mr. Ackerman filed a *pro se* Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Magistrate Judge O. Edward Schlatter granted Mr. Ackerman leave to proceed pursuant to 28 U.S.C. § 1915, on September 7. In the September 7 Order, Magistrate Judge Schlatter directed Plaintiff to pay an initial partial filing fee of $6.00 within thirty days or to show cause why he has no assets and no means by which to pay the designated initial fee.

The September 7 Order warns Mr. Ackerman that if he fails within the time allowed to have the $6.00 sent to the Clerk of the Court or to show cause why he has no assets and no means by which to pay the $6.00, the Complaint would be dismissed without further notice. Mr. Ackerman failed either to pay the $6.00 or to show cause why he was unable to do so within the time allowed. Therefore, on October 26, the Court dismissed the Complaint and the action without prejudice.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." ***Van Skiver v. United States***, 952 F.2d 1241, 1243 (10th Cir. 1991). A postjudgment motion filed within ten days of a final judgment should be construed as a Rule 59(e) motion. ***Id.***; *see also **Dalton v. First Interstate Bank***, 863 F.2d 702, 703 (10th Cir. 1988). A motion to reconsider filed more than ten days

after the final judgment in an action should be considered pursuant to Rule 60(b). *Van Skiver*, 952 F.2d at 1243.

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). "It is well settled that an order dismissing the action . . . is a final judgment." *Sherr v. Sierra Trading Corp.*, 492 F.2d 971, 978 (10th Cir. 1974). The October 26 Order dismissed the Complaint and action without prejudice for Plaintiff's failure to pay the $6.00 initial partial filing fee within the time allowed. The instant Motion was filed on November 7. Plaintiff has filed the motion within ten days of the final judgment in the instant action. *See* Fed. R. Civ. P. 6(a). Therefore, the Motion is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 59(e).

Upon consideration of the entire file, the Court finds and concludes that Mr. Ackerman fails to demonstrate some reason why the Court should reconsider and vacate its decision to dismiss the action. Plaintiff's claim, that he had requested his family to send the $6.00 filing fee, but for some reason the money did not reach the Court by the required date, does not convince the Court to vacate the dismissal. The fact remains that the Court did not receive the $6.00 within the time required. Therefore, the Motion to Reconsider will be denied. Mr. Ackerman is reminded that, because the Court dismissed the action without prejudice, he may pursue his claims by filing a new action if he chooses. Accordingly, it is

ORDERED that the Motion filed with the Court on November 7, 2005, is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 59(e) and is denied.

DATED at Denver, Colorado, this 30 day of Nov., 2005.

BY THE COURT:

*(signature)*
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-01310-OES

Edwin Mark Ackerman
Prisoner No. 87741
Bent County Correctional Facility
11560 Road FF.75
Las Animas, CO 81054-9573

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 12-1-05

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk